## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MARJORY BARKSDALE,

     Plaintiff,

v.                                                  Case No: 8:22-cv-1600-CEH-JSS

HOLIDAY CVS, LLC, CVS
PHARMACY, INC. and ACV
BUSHNOK, LLC,

     Defendants.

_____/

## <u>O R D E R   T O   S H O W   C A U S E</u>

This cause comes before the Court *sua sponte*. Defendants Holiday CVS, LLC, and CVS Pharmacy, Inc., removed this slip-and-fall action on the basis of diversity jurisdiction. Doc. 1 at 2. However, the Court is unable to determine whether it has subject-matter jurisdiction because Holiday CVS and CVS Pharmacy do not sufficiently establish the parties' diverse citizenship or that the amount in controversy exceeds $75,000, exclusive of interest and costs.

## LEGAL STANDARD

Federal courts must *sua sponte* inquire into an action's subject-matter jurisdiction whenever such jurisdiction may be lacking. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004); *accord Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."). "The jurisdiction of a court over the subject matter

of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). The bases for federal courts' subject-matter jurisdiction are confined, as federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

Congress granted district courts original subject-matter jurisdiction over civil actions sitting in diversity. 28 U.S.C. § 1332. Diversity jurisdiction exists where the lawsuit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1). The Eleventh Circuit has repeatedly stressed that "[c]itizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person." *Taylor*, 30 F.3d at 1367. A natural individual's citizenship is determined by the state in which he or she is domiciled. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). On the other hand, a limited liability company is "a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

"[A] defendant seeking to remove a case to federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for

removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff *or questioned by the court*." *Id.* (emphasis added). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," but "[e]vidence establishing the amount is required. . . when the court questions . . . the defendant's allegation." *Id.* When the court questions the defendant's allegation, "the defendant must prove by a preponderance of the evidence that the amount in controversy is sufficient." *Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019). "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala.*, 168 F.3d at 411.

## DISCUSSION

As the parties seeking to invoke federal jurisdiction, Holiday CVS and CVS Pharmacy bear the burden of establishing the existence of diversity jurisdiction. First, Holiday CVS and CVS Pharmacy represent that the only member of Holiday CVS, a single-member LLC, is CVS Pharmacy. Doc. 1 at 3–4. Thus, the Court must look to CVS Pharmacy's citizenship, which, because CVS Pharmacy is a corporation, involves an analysis of the location of its principal place of business and its state of incorporation. The exhibit to which Holiday CVS and CVS Pharmacy cite indicates only that CVS Pharmacy's principal place of business is located in Rhode Island. Doc.

1-8 at 1. The exhibit says nothing about CVS Pharmacy's state of incorporation.[1] Thus, Holiday CVS and CVS Pharmacy fail to demonstrate their citizenship.

Next, they contend that the Court must presume that Barksdale is a citizen of Florida because she alleges in her complaint that she is a Florida resident. Doc. 1 at 3. But, as highlighted above, a natural individual's citizenship is determined by the state in which he or she is domiciled. Critically, "[d]omicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341–42 (11th Cir. 2011). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick*, 293 F.3d at 1257–58 (internal quotation marks and alterations omitted). Without more, this reliance on Barksdale's residency fails to establish her citizenship.

Relatedly, Holiday CVS and CVS Pharmacy also fail to establish the citizenship of ACV Bushnok, LLC. They represent that the sole member of ACV Bushnok, a single-member LLC, is ACV Pier Savannah, LLC. Doc. 1 at 5. Indeed, an attached record from the Florida Division of Corporation lists ACV Pier Savannah as a manager of ACV Bushnok. Doc. 1-9 at 1. They then contend ACV Pier Savannah is a citizen of California—and, therefore, that ACV Bushnok is a citizen of California—because David Grieve, the sole manager of ACV Pier Savannah, is a California

---

[1] Nor does a record for Holiday CVS provide any indication of CVS Pharmacy's state of incorporation. *See* Doc. 1-7 at 1.

resident. Again, a natural person's domicile determines his or her citizenship, and domicile is not synonymous with citizenship. The attached record upon which Holiday CVS and CVS Pharmacy rely to establish the residence of Grieve merely associates him with a California address. Underscoring the problem with relying upon residency to establish citizenship, this California address is the same address associated with ACV Pier Savannah. Doc. 1-9 at 1; Doc. 1-10 at 2. Given these deficiencies, Holiday CVS and CVS Pharmacy fail to establish the diverse citizenship of the parties.

The Court also questions whether the amount in controversy exceeds $75,000, exclusive of interest and costs. Holiday CVS and CVS Pharmacy argue that a demand letter from Barksdale's counsel, which demanded $500,000 to settle the action, demonstrates that the amount in controversy exceeds $75,000. Doc. 1 at 2–3. Courts must analyze demand letters to determine if they reflect puffing and posturing or whether they provide specific information to support the claim for damages, thereby offering a reasonable assessment of the claim's value. *Lamb v. State Farm Fire Mut. Auto. Ins. Co.*, No. 3:10-cv-615-TJC-JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010). Holiday CVS and CVS Pharmacy offer no analysis of the letter. The three-page letter does not offer any specific information to support the claim. Instead, it summarizes relevant facts and broadly discusses medical treatment and the "impact" on Barksdale's life as a result of her injuries, which the letter describes as: "right wrist distal radial fracture and fracture of the big toe"; "significantly displaced fracture of right distal radius, loss of volar tilt and height, intra-articular into radiocarpal and distal radioulnar joints, comminution, and propensity for further displacement";

"nondisplaced fracture of the distal phalanx"; and "chronic and permanent injuries to her right wrist and her right foot." Doc. 1-5 at 1–3. Based on this broad discussion, the letter demands $500,000 to settle the claim. *Id.* at 3. Thus, the letter does not offer a reasonable assessment of the value of the claim.

Holiday CVS and CVS Pharmacy also point to 50 pages of medical records. They provide neither any pinpoint citations nor any argument about the contents of these records. As such, the Court cannot ascertain which portions of the records upon which Holiday CVS and CVS Pharmacy rely. Some of the records are barely legible, too. This let-the-Court-figure-it-out approach does not satisfy Holiday CVS and CVS Pharmacy's burden.

Because Holiday CVS and CVS Pharmacy's evidence does not demonstrate that the amount in controversy exceeds $75,000 and they fail to offer any other evidence, the Court cannot determine whether the amount-in-controversy prong of diversity jurisdiction is met.

Accordingly, it is **ORDERED** that Defendants Holiday CVS, LLC, and CVS Pharmacy, Inc., must **SHOW CAUSE** as to why the Court should not remand this action for lack of subject-matter jurisdiction. Holiday CVS and CVS Pharmacy must file a written response with the Court within **FOURTEEN (14) DAYS from the date of this order. Failure to respond within the time provided will result in the remand of this action without further notice**.

**DONE AND ORDERED** in Tampa, Florida on October 11, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any